FILED
CLERK, U.S. DISTRICT COURT
10/15/26
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

JOHN DOE, Plaintiff Pro Se
California Secretary of State Safe at Home participant
Address and additional protected contact information on file with Court
E-mail: smith06241@gmail.com | Telephone: (310) 598-8398

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE,<br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF REHABILITATION; and KIM RUTLEDGE, in her official capacity as Director of the California Department of Rehabilitation,<br>Defendants. | **Case No. 2:26-cv-10040-SRM-SSC**<br><br>**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN DOE** |

**REQUIRES NOTICE CERTIFICATION BEFORE FILING UNDER L.R. 7-19.1 AND F.R.C.P. 65(b)(1)(B)**

TO THE COURT, DEFENDANTS, AND ALL PARTIES:

Plaintiff JOHN DOE, appearing pro se, applies ex parte under Federal Rule of Civil Procedure 65, Central District of California Local Rules 7-19 and 65-1, and the Court's standing order for a temporary restraining order and an order to show cause why a preliminary injunction should not issue. Plaintiff seeks narrow interim relief directed only to the California Department of Rehabilitation's ("DOR") own administration of Plaintiff's active vocational-rehabilitation case and Individualized Plan for Employment ("IPE").

Plaintiff asks the Court to require DOR, pending a preliminary-injunction hearing, to: (1) designate an independent responsible official outside the presently disputed supervisory chain; (2) immediately initiate Plaintiff's requested transfer to an appropriate Southern California DOR office without conditioning transfer on prior resolution of degree, internship, accommodation, or employment-readiness issues; (3) maintain continuity of existing IPE services while transfer is processed; (4) refrain from retaliatory or obstructive action based on Plaintiff's protected complaints and litigation; and (5) preserve all records relevant to the transfer, IPE, accommodations, and case-management history.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND EMERGENCY RELIEF REQUESTED

This case already challenges DOR's administration of Plaintiff's federally supported vocational-rehabilitation case, its handling of the active IPE, disability-access obligations, case continuity, and the June 1, 2026 final administrative decision. The First Amended Complaint expressly seeks prospective relief requiring DOR to assign responsible personnel capable of administering the active case and to provide meaningful case continuity. The present application therefore concerns the same

ongoing DOR functions and has a direct nexus to the operative claims and requested relief. See Pacific Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).

The immediate issue arose after Plaintiff renewed his transfer request in October 2026. On October 13, 2026, Southern California District Administrator Denise McKnight-Mozee wrote that transfer to the Glendale or Greater Los Angeles area might be appropriate once Plaintiff's degree, internship-agreement, and oral-defense accommodation matters were resolved and when it was time for employment services. Later that day, Regional Director Denise Dorsey likewise wrote that a transfer may take place once Plaintiff is ready for employment and directed Plaintiff back to the school regarding accommodation and internship support.

Those conditions materially conflict with DOR's published transfer framework. DOR Rehabilitation Administrative Manual (RAM) § 3060 states that DOR shall ensure appropriate and continuous services, without undue delay, when a record of services is transferred. RAM § 3061 directs prompt completion of an individual transfer, typically within 10 working days of the transfer request, to prevent impact on services; it expressly permits Team Managers and District Administrators to transfer and accept cases. The same section requires a Transfer Summary that may identify "Incomplete Case or Financial Activities" and "Next Steps," confirming that unresolved activities are contemplated as part of transfer rather than a categorical prerequisite to transfer.

Plaintiff alleges that leaving him under the same disputed management chain until that chain first resolves the very issues underlying the transfer request perpetuates the case-continuity and meaningful-access problems pleaded in this action. A time-sensitive LACDMH predoctoral pathway remains at risk while DOR's active IPE has not achieved its approved employment outcome of Psychologist.

## II. RELEVANT FACTUAL DEVELOPMENTS

1. DOR approved and funded Plaintiff's IPE with the employment outcome of Psychologist and an expected plan end date of December 31, 2026. The First Amended Complaint alleges that the IPE remained active after the June 1, 2026 administrative decision.

2. Before the May 2026 hearing, Plaintiff's assigned DOR counselor left DOR. The First Amended Complaint alleges that DOR did not establish timely case continuity and that Plaintiff remained without a clearly accountable counselor during a time-sensitive academic and professional transition.

3. Plaintiff requested transfer outside the prior San Francisco handling structure in April 2026 and again in October 2026. Plaintiff alleges that the requested transfer has not been implemented.

4. On October 13, 2026, LACDMH confirmed in writing that California Southern University had not contacted LACDMH to inquire about or submitted a request for the academic-affiliation agreement necessary for predoctoral training.

5. On October 13, 2026, Ms. McKnight-Mozee stated in writing that transfer could occur after outstanding degree, internship, and accommodation issues were resolved and when Plaintiff was ready for employment services.

6. On October 13, 2026, Ms. Dorsey reiterated that transfer may take place once Plaintiff is ready for employment and directed Plaintiff to continue working directly with the school on the accommodation and internship matters.

7. On October 14, 2026, Plaintiff escalated the transfer, continuity, and conflict-of-interest concerns directly to California Health and Human Services Agency Secretary Kim Johnson and requested immediate executive intervention.

## III. GOVERNING STANDARD

A temporary restraining order and preliminary injunction are extraordinary remedies. A plaintiff must show: (1) likely success on the merits; (2) likely irreparable harm absent preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Rule 65(b) additionally requires specific facts showing immediate and irreparable injury and a written certification concerning notice if a TRO is sought without full notice. Fed. R. Civ. P. 65(b)(1).

Judge Murillo's Standing Order states that ex parte relief is extraordinary and requires compliance with Local Rules 7-19 and 65. It further requires service of TRO papers on the opposing party by email, fax, or personal service and generally affords the opposing party at least 48 hours after service to respond unless a true emergency justifies faster action. Plaintiff has prepared a separate notice certification that must be completed immediately before filing.

## IV. ARGUMENT

### A. The Application Has a Direct Nexus to the Claims Already Pleaded.

The operative complaint alleges DOR case-continuity failures, lack of a clearly accountable counselor, disability-access barriers in DOR-controlled case management, and ongoing prospective injury because the DOR case remained open and the IPE remained active. The Prayer for Relief expressly asks the Court to order DOR to assign responsible personnel capable of administering the active case and to provide meaningful case continuity. The requested interim transfer and independent case administration therefore seek temporary implementation of the same prospective relief already placed in controversy, rather than relief on a new and unrelated claim.

### B. Plaintiff Has Shown a Likelihood of Success or, at Minimum, Serious Questions on the Merits.

Federal vocational-rehabilitation regulations require an IPE to be implemented in a timely manner, services to be provided in accordance with the IPE, annual review of the IPE, and amendment when substantive changes occur in the employment outcome, services, or providers. 34 C.F.R. § 361.45(a), (d)(5)-(8). As appropriate to an individual's vocational-rehabilitation needs and consistent with the IPE, the

designated State unit must ensure that counseling, guidance, referral, training, and other necessary services are available to assist the individual in achieving the employment outcome. 34 C.F.R. § 361.48(b).

The evidence presently available also shows a substantial discrepancy between the transfer condition communicated to Plaintiff and DOR's own published transfer procedures. RAM §§ 3060-3061 direct continuity without undue delay, prompt transfer typically within 10 working days, and coordination between sending and receiving offices. Critically, § 3061 expressly contemplates "Incomplete Case or Financial Activities" and "Next Steps" in a transfer summary. This undermines the assertion that degree, internship, accommodation, or employment-readiness issues must first be fully resolved before transfer can occur.

Plaintiff's Section 504 and Title II claims likewise concern meaningful access to DOR's own case-management and IPE-review processes. The Ninth Circuit recognizes that a public entity must respond meaningfully when it has notice of a potential need for accommodation. See Duvall v. County of Kitsap, 260 F.3d 1124, 1138-40 (9th Cir. 2001).

**C. Plaintiff Faces Likely Irreparable Harm Without Interim Relief.**

The asserted harm is not limited to money. Plaintiff alleges an ongoing absence of effective, independent case administration while an active IPE remains unresolved and a time-sensitive LACDMH predoctoral opportunity may be lost through additional delay. Once a finite training opportunity closes, later monetary relief cannot restore the lost timing, institutional coordination, or professional progression. The requested order is designed to preserve the status quo by ensuring that an active federally supported vocational-rehabilitation case has responsible, accessible administration while the merits are litigated.

**D. The Balance of Equities and Public Interest Favor Narrow Interim Relief.**

The requested relief imposes principally administrative obligations that DOR's own RAM already contemplates: transfer coordination, designation of responsible personnel, continuity of services, and documentation of unfinished activities. Plaintiff, by contrast, faces continued delay in a time-sensitive vocational pathway. The public interest favors lawful, accessible administration of federally supported vocational-rehabilitation services and preservation of meaningful review while a civil-rights case is pending.

**E. Ex Parte Treatment Is Requested to Prevent Further Prejudice From Delay.**

Plaintiff has repeatedly sought transfer and case-management correction through DOR management, DOR Legal Affairs, and CalHHS, including an executive complaint sent to Secretary Kim Johnson on October 14, 2026. The current emergency was not created by Plaintiff's failure to act; it follows months of transfer requests, case-continuity concerns, and the newly documented October 13 transfer condition. Plaintiff seeks only temporary case-administration safeguards pending notice and a preliminary-injunction hearing.

**F. The Court Should Waive or Set a Nominal Bond.**

Rule 65(c) permits security in an amount the Court considers proper. The Ninth Circuit recognizes discretion to dispense with security where there is no realistic likelihood of harm to the enjoined party. Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003). Because the requested relief concerns internal case assignment, continuity, and preservation of services rather than commercial restraint, Plaintiff requests that security be waived or set at a nominal amount.

## V. CONCLUSION

Plaintiff respectfully requests that the Court issue the proposed temporary restraining order and order to show cause, or alternatively set an expedited briefing and hearing schedule for preliminary injunctive relief.

Dated: October 14, 2026

JOHN DOE
Plaintiff Pro Se

## DECLARATION OF JOHN DOE

1. I am Plaintiff in this action and represent myself. I have personal knowledge of the facts stated in this declaration, except where stated on information and belief.

2. My DOR vocational-rehabilitation case remains open and my Individualized Plan for Employment has an approved employment outcome of Psychologist. I have not achieved that outcome.

3. My assigned DOR counselor left DOR before the May 6, 2026 fair hearing. I repeatedly requested clarification, continuity, and reassignment because I did not have a clearly accountable counselor administering the active IPE.

4. On April 22, 2026, I sent a written request for immediate case transfer and reassignment outside the prior San Francisco handling structure. On April 23, 2026, Regional Director Denise Dorsey responded but did not grant or deny the transfer.

5. On October 13, 2026, Dr. Debbie Innes-Gomberg of LACDMH confirmed by email that California Southern University had not reached out to inquire about or submitted a request to establish an academic-affiliation agreement for predoctoral training.

6. On October 13, 2026, District Administrator Denise McKnight-Mozee wrote that, once my degree, internship-agreement, and oral-defense accommodation concerns were resolved, transfer to the Glendale office or Greater Los Angeles office for employment services might be appropriate.

7. Later on October 13, 2026, Regional Director Denise Dorsey wrote that a transfer may take place once I am ready for employment and asked me to continue working directly with the school regarding accommodation and internship support.

8. I understand DOR RAM §§ 3060-3061 to require continuity without undue delay during transfer and to direct prompt completion of an individual transfer, typically within 10 working days, while allowing incomplete activities and next steps to be documented in the transfer summary.

9. I have sought transfer because I believe continued administration within the disputed supervisory chain has resulted in delay, deflection, and lack of meaningful case continuity. I am asking for independent case administration while the Court considers the merits.

10. On October 14, 2026, I sent an urgent executive complaint to CalHHS Secretary Kim Johnson concerning the transfer condition, conflict-of-interest concerns, continuity of my active IPE, and the need for immediate Southern California reassignment.

11. My LACDMH pathway is time-sensitive. I believe further delay risks loss of professional training progression that cannot be fully restored by a later money judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14, 2026, at Los Angeles, California.

John Doe

JOHN DOE
Plaintiff Pro Se