JOHN DOE, Plaintiff Pro Se
California Secretary of State Safe at Home participant
Protected address confidential and on file with the Court
Telephone: (310) 598-8398

FILED
CLERK, U.S. DISTRICT COURT
11/6/2026
CENTRAL DISTRICT OF CALIFORNIA
BY ang DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JOHN DOE, Plaintiff,

v.

CALIFORNIA DEPARTMENT OF REHABILITATION; KIM RUTLEDGE, in her official capacity as Director of the California Department of Rehabilitation, Defendants.

**Case No. 2:26-cv-10040-SRM-SSC**

**PLAINTIFF JOHN DOE'S REQUEST FOR ADMINISTRATIVE ROUTING TO THE CHIEF JUDGE CONCERNING PENDING MOTION FOR RECUSAL / DISQUALIFICATION AND REASSIGNMENT; REQUEST FOR PROMPT ADMINISTRATIVE ATTENTION TO IFP / SUMMONS IMPASSE**

**Related Motion Hearing: December 9, 2026 at 1:30 p.m. - Courtroom 5D**

**TO THE DISTRICT COURT EXECUTIVE / CLERK OF COURT, FOR APPROPRIATE ADMINISTRATIVE ROUTING TO CHIEF JUDGE DOLLY M. GEE:**

Plaintiff John Doe, appearing pro se, respectfully submits this request for administrative routing concerning the pending recusal / reassignment motion and an unresolved procedural

impasse that is preventing Plaintiff from completing the summons and Rule 55(a) default process.

This filing is not intended as an ex parte merits communication. Plaintiff requests only appropriate administrative routing and docket management so that the existing recusal / reassignment motion and the threshold IFP / summons issue are addressed through the Court's ordinary procedures.

## I. PRIOR IFP APPROVAL, RENEWED FILING, AND RESULTING DELAY

1. Before reassignment to the presently assigned District Judge, Plaintiff had already submitted an application to proceed in forma pauperis / without prepayment of the filing fee, and that request had been granted by the Court.

2. After reassignment, on October 6, 2026, the Court entered Docket Entry 15 revisiting Plaintiff's ability to proceed without prepayment of the civil filing fee and requiring the fee-status issue to be addressed again.

3. Plaintiff promptly complied. On October 8, 2026, Plaintiff filed a renewed Request to Proceed In Forma Pauperis (CV-60) and a supplemental declaration supplying additional financial information and asking the Court to reconsider the ability-to-pay determination.

4. As of November 5, 2026, Plaintiff has not identified a docketed ruling resolving the October 8 renewed IFP submission. Twenty-eight (28) days have elapsed since that renewed filing - four full weeks.

5. On October 27, 2026, Plaintiff requested Clerk's Entry of Default under Federal Rule of Civil Procedure 55(a) after reviewing the docket and finding no answer, Rule 12 motion, or other responsive defense by either Defendant.

6. On November 2, 2026, the Clerk entered Docket Entry 28, a Notice of Deficiency stating that the summons must be issued before default could proceed and expressly directing Plaintiff back to Docket Entry 15.

7. The renewed IFP issue therefore has a direct and continuing procedural consequence: Plaintiff cannot complete the summons / default sequence while the fee-status and summons issues remain unresolved or unclear.

8. On November 4, 2026, Plaintiff contacted the Clerk's Office seeking clarification regarding the renewed IFP request, Docket Entry 15, summons issuance, and Docket Entry 28. Intake personnel could not determine whether the renewed IFP matter remained pending or whether it was preventing summons issuance and directed Plaintiff to the assigned District Judge's courtroom deputy / chambers.

9. Plaintiff thereafter contacted court personnel and sent a written administrative status inquiry to the assigned chambers seeking clarification of the pending IFP and summons issues.

## II. REQUEST FOR ADMINISTRATIVE ROUTING AND PROMPT ATTENTION

The present issue is not simply that an IFP request has been pending. Plaintiff had already obtained IFP / fee-waiver approval before reassignment, was then required to address the fee issue again, promptly submitted the renewed CV-60 and supplemental financial declaration, and has now waited four full weeks without an identified docketed ruling while the unresolved issue blocks summons issuance and the default process.

Plaintiff respectfully requests that the District Court Executive / Clerk of Court:

1. Confirm that Plaintiff's recusal / disqualification and reassignment motion has been properly docketed and is being processed under the procedures applicable to such requests.

2. Route this administrative request, or otherwise bring the matter to the attention of Chief Judge Dolly M. Gee or the appropriate judicial or administrative authority, to the extent permitted by the Court's procedures, without treating this request as a private merits communication.

3. Ensure that the renewed October 8, 2026 IFP submission and the connected summons issue identified in Docket Entry 28 are not administratively overlooked and receive prompt docketed resolution.

4. Ensure that Plaintiff's pending request for recusal / reassignment is processed without unnecessary delay so that the underlying action can move forward through the ordinary judicial process, including the Rule 55(a) default process if otherwise proper.

Plaintiff does not request that the Clerk adjudicate a disputed merits issue, nor does Plaintiff request an off-docket ruling. Plaintiff requests appropriate administrative routing, docket management, and prompt attention to the unresolved procedural matters described above.

Dated: November 5, 2026

Respectfully submitted,

**JOHN DOE**

Plaintiff, Pro Se - Safe at Home Participant